## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WORCESTER COUNTY

AMANDA HOPKINS on behalf of herself   :
and others similarly situated,   :
  :
     Plaintiff,   :   Case No. 17-cv-40087-TSH
  :
v.   :
  :
  :
MODERNIZE, INC.   :
  :
     Defendant.   :
  :
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

### Preliminary Statement

1.       Plaintiff Amanda Hopkins ("Ms. Hopkins") ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.       In violation of the TCPA, Modernize, Inc. ("Modernize") initiated telemarketing calls to a cellular telephone number Ms. Hopkins had registered on the National Do Not Call Registry for the purposes of advertising their goods and services, using an automated dialing system.

3.       The Plaintiff never consented to receive the calls, which were placed to her for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on

behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Amanda Hopkins is a resident of the state of Massachusetts in this District.

6.      Defendant Modernize, Inc. is a Delaware corporation that has its principal office at 804 Congress Avenue, Suite 400, Austin, Texas 78701, and a registered agent of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Modernize makes telemarketing calls into this District.

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing calls that gave rise to the Plaintiff's claims occurred here.

## The Telephone Consumer Protection Act

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

10.     The TCPA makes it unlawful "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The

TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C.

§ 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly

and inconvenient.

12.     The FCC also recognized that "wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used."  *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order,

18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13.     In 2013, the FCC required prior express written consent for all autodialed or

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed
> and be sufficient to show that the consumer:  (1) received "clear and conspicuous
> disclosure" of the consequences of providing the requested consent, i.e., that the
> consumer will receive future calls that deliver prerecorded messages by or on behalf

3

of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The TCPA Restricts Calls to the National Do Not Call Registry

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire to not receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

15.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

16.     A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages and injunctive relief.  47 U.S.C. § 227(c)(5).

17.     The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii).  That agreement must also include the telephone number to which the calls may be placed.  *Id.*

**Factual Allegations**

18.     Modernize is a company that refers individuals for home improvement projects.

19.     To generate new clients, Modernize relies on telemarketing.

20.     That telemarketing involves "cold calling" which are phone calls placed to individuals that Modernize does not have a prior relationship with.

21.     One of Modernize's strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

22.     Modernize uses ATDS equipment that has the capacity to store or produce telephone numbers to be called and which includes autodialers and predictive dialers.

23.     Modernize engages in use of this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone.

24.     Through this method, Modernize shifts the burden of wasted time to the consumers it calls with unsolicited messages.

Calls to Ms. Hopkins

25.     Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

26.     Ms. Hopkins placed her cellular telephone number, (774) 272-XXXX on the National Do Not Call Registry in 2004.

27.     Despite taking the affirmative step of registering her telephone number on the National Do Not Call Registry, Modernize placed automated telemarketing calls to her repeatedly in April of 2017.

28.     When the call was answered, there was a lengthy pause and a click followed by silence before a Modernize telemarketing representative came on the line, which indicated to the Plaintiff that the call was made using an ATDS.

29.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

30.     Moreover, these calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

**Class Action Allegations**

31.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

32.     The classes of persons Plaintiff proposes to represent are tentatively defined as:

ATDS TO CELLPHONE CLASS

All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

NATIONAL DO NOT CALL REGISTRY CLASS

All persons within the United States whose (a) residential phone numbers were registered on the Do Not Call Registry, and who; (b) within the four years before the filing of the initial Complaint through the date of classes certification; (c) received more than one telemarketing call within any twelve-month period; (d) from, or on behalf of, the Defendant.

M.G.L. 93A CLASS

All persons within the Commonwealth of Massachusetts to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

33.     Excluded from the classes are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

34.     The class as defined above is identifiable through phone records and phone number databases.

35.     The potential class members number at least in the thousands, since automated and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

36.     Plaintiff is a member of the proposed class.

37.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a.     Whether Defendant violated the TCPA by using automated telemarketing to call cellular telephones;

    b.     Whether Defendant placed calls using a pre-recorded message;

    c.     Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

    d.     Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

38.     Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Modernize and are based on the same legal and remedial theories.

39.     Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the classes, she will fairly and adequately protect the interests of the

classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

40.    Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

41.    Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

42.    The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

43.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Automated Calling provisions

44.    Plaintiff Hopkins incorporates the allegations from all previous paragraphs as if fully set forth herein.

45.    The foregoing acts and omissions of Modernize and/or its affiliates, agents, and/or other persons or entities acting on Modernize' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency

purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

46.     As a result of Modernize's and/or its affiliates, agents, and/or other persons or entities acting on Modernize' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Modernize and/or its affiliates, agents, and/or other persons or entities acting on Modernize's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

48.     The Defendant's violations were negligent and/or knowing, allowing a potential trebling of each award to $1,500 in damages.

**Count Two:**
**Violation of the TCPA's Do Not Call Registry provisions**

49.     Plaintiff Hopkins incorporates the allegations from all previous paragraphs as if fully set forth herein.

50.     The Defendant violated the TCPA by initiating multiple telephone solicitations to persons, including the Plaintiff, whose telephone numbers were listed on the Do Not Call Registry.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

51.      Moreover, Defendant failed to establish and implement, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

52.     The Defendant's violations were willful and/or knowing.

## Count Three: Violation of M.G.L. 93A

53.     Plaintiff Hopkins incorporates the allegations from all previous paragraphs as if fully set forth herein.

54.     At all relevant times Defendant was engaged in commerce for purposes of M.G.L., c. 93A.

55.     M.G.L., c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." M.G.L., c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

56.     As alleged more fully herein, Defendant has violated c. 93A, § 2 by sending automated calls to Plaintiff and other Massachusetts putative class members. This conduct is unfair because it is harassing and annoying and invades the privacy of Plaintiff and the putative class members and because it causes them to incur costs for the calls.

57.     Defendant's conduct also violates the TCPA and as such, constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

58.     Pursuant to M.G.L., c. 93A, § 9, Plaintiff, on behalf of herself and the MGL C. 93A Class, seeks an order:

a)  Enjoining Defendant from continuing to engage in, use, or employ any of the unfair and/or deceptive business acts or practices set forth in detail above; and

b)  Disgorging and restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive acts or practices.

59.     The Plaintiff has made a written demand for relief pursuant to Massachusetts General Laws chapter 93A section 9(3) and the Defendant has failed to make a timely and adequate response, thereby entitling the Plaintiff and the putative class to judgment on this Count and for all damages authorized by statute.

60.     Based on the foregoing, Plaintiff and the other members of the Massachusetts Subclass are entitled to all remedies available under c. 93A, § 9, including, but not limited to, actual or statutory damages, whichever is greater, multiple damages, attorneys' fees and costs.

## Relief Sought

For herself and all class members, Plaintiff requests the following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.     A declaration that Modernize and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Modernize and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiff and the Classes of damages, as allowed by law;

G.     Leave to amend this Complaint to conform to the evidence presented at trial; and

H.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: February 21, 2018

PLAINTIFF,
By her attorneys

*/s/ Anthony I. Paronich*
Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net