## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WORCESTER COUNTY

| | | |
|---|---|---|
| AMANDA HOPKINS on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 17-cv-40087-TSH |
| v. | : : : | |
| MODERNIZE, INC., | : : : | |
| Defendant. | : : : | |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEE AND EXPENSES AND AN INCENTIVE AWARD FOR THE CLASS PLAINTIFF

Plaintiff Amanda Hopkins ("Plaintiff") has petitioned this Court to grant approval of a proposed settlement under the Telephone Consumer Protection Act ("TCPA"). On February 19, 2019, this Court granted preliminary approval of the proposed settlement and instructed plaintiff's counsel to submit a motion for the approval of attorneys' fees and expenses by March 21, 2019. DE 94 at ¶25. Plaintiff's counsel requests an award of attorneys' fees of $264,000 (33% of the $800,000 common fund) and $42,085 in expenses and submit that, for the following reasons, the request is fair and reasonable. Class counsel also petition the Court to award the Plaintiff an incentive award of $10,000 to compensate her for her excellent work in this case on behalf of the class.[1]

---

[1] Class Counsel will post their fee petition on the settlement web-site so it can be accessed by interested class members in advance of the 5.11.2019 claims, opt out and objection deadline.

**ARGUMENT**

### A. Plaintiff's Counsel Are Entitled To An Award From the Common Fund On A Percentage Basis.

The U.S. Supreme Court and the First Circuit have long recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 305 (1st Cir. 1995); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 265 (D.N.H. 2007); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 989 F. Supp. 375, 377 (D. Mass. 1997) (O'Toole, J.). Awards of reasonable attorneys' fees from a "common fund" provide compensation that "encourages capable plaintiffs' attorneys to aggressively litigate complex, risky cases like this one" and spread the costs of the litigation "proportionately among those benefitted by the suit." *Tyco*, 535 F. Supp. 2d at 265. In approving attorneys' fees in TCPA class actions courts hold that the percentage of the fund reflects the "market rate" because "given the opportunity … class members and Plaintiff's counsel would have bargained for" such. *See Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-4462, 2015 WL 1399367, at *5 (N.D. Ill. Mar. 23, 2015); *Aranda v. Caribbean Cruise Line, Inc.*, No. 12-4069, 2017 WL 1369741, at *2, 9 (N.D. Ill. Apr. 10, 2017) (using percentage-of-the-fund method in TCPA case and declining to engage in lodestar analysis); *Wright v. Nationstar Mortg. LLC*, No. 14-1045, 2016 WL 4505169, *17 (N.D. Ill. Aug. 26, 2016) (same); *In re Capital One Tel. Consumer Prot. Act Litig.* ("*In re Capital One*"), 80 F. Supp. 3d 781, 795 (N.D. Ill. 2015) (percentage of the fund method is "more likely to yield an accurate approximation of the market rate" in TCPA case, and that, "had an arm's length negotiation been feasible, the court believes that the class would have negotiated a fee arrangement based on a percentage of the recovery, consistent with the normal

practice in consumer class actions"). In TCPA cases, awards of one-third of the entire settlement fund are commonplace. *See Martin v. Dun & Bradstreet, Inc.*, No. 12-215 (N.D. Ill. Jan. 16, 2014) (Martin, J.) (Dkt. No. 63) (one-third of total payout); *Hanley v. Fifth Third Bank*, No. 12-1612 (N.D. Ill.) (Dkt. No. 87) (awarding attorneys' fees of one-third of total settlement fund); *Cummings v. Sallie Mae*, No. 12-9984 (N.D. Ill. May 30, 2014) (Gottschall, J.) (Dkt. No. 91) (one-third of common fund); *Desai v. ADT Sec. Servs., Inc.*, No. 11-1925 (N.D. Ill. June 21, 2013) (Bucklo, J.) (Dkt. No. 243) (one-third of the settlement fund); *Paldo Sign & Display Co. v. Topsail Sportswear, Inc.*, No. 08-5959 (N.D. Ill. Dec. 21, 2011) (Kennelly, J.) (Dkt. No. 116) (fees equal to one-third of the settlement fund plus expenses); *CE Design Ltd. v. CV's Crab House North, Inc.*, No. 07-5456 (N.D. Ill. Oct. 27, 2011) (Kennelly, J.) (Dkt. No. 424) (fees equal to one-third of settlement plus expenses); *Saf-T-Gard Int'l, Inc. v. Seiko Corp. of Am.*, No. 09-776 (N.D. Ill. Jan. 14, 2011) (Bucklo, J.) (Dkt. No. 100) (fees and expenses equal to 33% of the settlement fund); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07-5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Dkt. No. 146) (fees of one-third of settlement plus expenses); *Hinman v. M&M Rentals, Inc.*, No. 06-1156 (N.D. Ill. Oct. 6, 2009) (Bucklo, J.) (Dkt. No. 225) (fees and expenses equal to 33% of the fund); *Holtzman v. CCH*, No. 07-7033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Dkt. No. 33) (same); *CE Design, Ltd. v. Exterior Sys., Inc.*, No. 07-66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Dkt. No. 39) (same).

In this case, Class Counsel seek an award of 33 percent of the common fund or $264,000. Such an award reflects the market rate for such work and should be approved as fair and reasonable.

### B.  The Requested Attorneys' Fees Are Reasonable Under the Lodestar Method

In the First Circuit, "[t]he lodestar approach (reasonable hours spent times reasonable hourly rates, subject to a multiplier or discount for special circumstances, plus reasonable

disbursements) can be a check or validation of the appropriateness of the percentage of funds fee, but is not required." *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, No. 05-11148-PBS, 2009 WL 2408560, at *1 (D. Mass. Aug. 3, 2009) (citation omitted); *accord Thirteen Appeals*, 56 F.3d at 307; *Lupron*, 2005 WL 2006833, at *3; *Relafen*, 231 F.R.D. at 81; *see also* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 14.122, at 193 (2004) ("the lodestar is . . . useful as a cross-check on the percentage method by estimating the number of hours spent on the litigation and the hourly rate, using affidavits and other information provided by the fee applicant. The total lodestar estimate is then divided into the proposed fee calculated under the percentage method. The resulting figure represents the lodestar multiplier to compare to multipliers in other cases."). When the lodestar is used as a cross-check, "the focus is not on the 'necessity and reasonableness of every hour' of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *Tyco*, 535 F. Supp. 2d at 270 (quoting *Thirteen Appeals*, 56 F.3d at 307); *see also In re WorldCom Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 355 (S.D.N.Y. 2005) ("Where the lodestar fee is used as 'a mere cross-check' to the percentage method of determining reasonable attorneys' fees, 'the hours documented by counsel need not be exhaustively scrutinized by the district court.'").

Here, Plaintiffs' Counsel spent a total of 907 hours of attorney time prosecuting class claims against Modernize. Although this case began in April of 2017, the efforts of class counsel to hold Modernize to account actually began in August of 2016 when class litigation was filed against Modernize in the Southern District for the District of Ohio by the same team of lawyers. *See Johansen v. Modernize,* 2:16-cv-00839 (S.D.Ohio). Although that case ultimately resolved on an individual basis, the extensive work done in that case greatly facilitated and assisted in the

prosecution of the instant case which was filed in June of 2018. (DE 1). In total, over the course of these two cases, Class Counsel incurred 907 hours in attorney time. When the billable rates of Class Counsel are calculated in light of the time spent on the file, the total lodestar of class counsel is $478,455, an amount far in excess of the requested fee award

### C. Other Factors To Assess When Determining The Reasonableness Of A Fee

Although the First Circuit has not set forth a comprehensive list of factors to be considered when evaluating an attorneys' fees request pursuant to the percentage-of-the-fund approach, other District Courts within this Circuit have assessed the reasonableness of proposed fees by considering the following factors, which track those used by the Second and Third Circuits in evaluating percentage fee awards:

> (1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations, if any.

*See Puerto Rican Cabotage*, 815 F. Supp. 2d at 458; *Lupron*, 2005 WL 2006833, at *3; *Relafen*, 231 F.R.D. at 79; *see also Tyco*, 535 F. Supp. 2d at 266.[5] Consideration of all of these factors provides further confirmation that the fee requested here is reasonable. First, Class Counsel have achiever a common fund settlement of $800,000 that will be shared by all class members equally who file claims. Second, as detailed in the attached Declarations, Class Counsel in this case have extensive experience litigating TCPA class actions nation-wide. The Court may note from the docket that this case has been handled in a professional and expeditious manner. Third, as the Court may gleam from the class certification pleadings, the issues in this case were complex and were the subjects of extensive discovery. Fourth, TCPA class actions are always risky. As set forth in the class opposition papers of Modernize, there were multiple reasons why

class certification could ultimately have been denied in this case. In addition, Modernize submitted testimony as to its financial condition and inability to pay if ultimately found responsible by a jury. Fifth, the hundreds of hours spent by class counsel litigating this case is set forth in the Declarations of Class Counsel. Sixth, the result achieved in this case is comparable to the lower end of TCPA class settlements, however, such outcome was due to the financial condition of Modernize. Finally, public policy considerations support the requested award as Class Counsel would not be able to enforce the TCPA on behalf of their clients if they were not compensated fairly for their work.

### D. The Expenses Incurred By Class Counsel Were Reasonable

In addition to an award of attorneys' fees, Class Counsel petition the Court to be reimbursed for litigation expenses of $42,085 incurred in the prosecution of TCPA claims against Modernize. These expenses are properly recoverable. *See In re Fidelity/Micron Sec. Litig.*, 167 F.3d 735, 737 (1st Cir. 1999) ("lawyers whose efforts succeed in creating a common fund for the benefit of a class are entitled not only to reasonable fees, but also to recover from the fund . . . expenses, reasonable in amount, that were necessary to bring the action to a climax"); *Latorraca*, 834 F. Supp. 2d at 28 ("In addition to attorneys' fees, lawyers who recover a common fund for a class are entitled to reimbursement of out-of-pocket expenses incurred during the litigation.").

### E.  Ms. Hopkins Is Entitled To An Incentive Award

Federal courts often exercise their discretion under Rule 23(d) and (e) to approve case contribution awards to plaintiffs who instituted and prosecuted actions on the theory that there would be no class-wide benefit absent their suits. These awards recognize the burdens assumed by plaintiff litigants in instituting and prosecuting the actions, the time spent by plaintiffs on

communicating with counsel and fulfilling class responsibilities of supervision, and the risks that plaintiffs bear in bringing the suit. For example, in *Cook v. Niedert,* 142 F.3d 1004 (7th Cir. 1998), the Seventh Circuit Court of Appeals awarded the class representative $25,000 and recognized that "because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Id.* at 1016. *See also In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001) ("incentive awards are justified when necessary to induce individuals to become named representatives"). *See Spicer v. Chicago Bd. Options Ex., Inc*., 844 F. Supp. 1226, 1267-1268 (N.D. Ill. 1993) (collecting cases awarding incentive fees ranging from $5,000 to $100,000; awarding $10,000 each to named plaintiffs). Incentive awards to class plaintiffs in TCPA cases are the norm. *See Benzion v. Vivint, Inc.*, No. 12-61826 (S.D. Fla. Feb. 23, 2015) (Dkt. No. 201) (approving $20,000 incentive award to named plaintiff in TCPA action); *Martin v. Dun & Bradstreet, Inc.*, No. 12-00215 (N.D. Ill. Jan. 16, 2014) (Dkt. No. 66) (awarding $20,000 incentive award to named plaintiff in TCPA action); *Hanley v. Fifth Third Bank*, No. 12-01612 (N.D. Ill. Dec. 23, 2013) (Dkt. No. 86) (awarding named plaintiff a $25,000 incentive award in TCPA action); *Desai v. ADT Sec. Servs., Inc.*, No. 11-01925 (N.D. Ill. June 21, 2013) (Dkt. No. 243) (approving incentive awards of $30,000 each to two named plaintiffs in action); *CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 07-05456 (N.D. Ill. Oct. 27, 2011) (Dkt. No. 424) ($25,000 incentive award in TCPA action).

As attested to in the Declaration of Matthew McCue, Amanda Hopkins has served as an exemplary representative plaintiff in this case and should be fairly compensated for her efforts. At all times, Ms. Hopkins was involved in the prosecution of this case. She spent a significant amount of time responding to Modernize's discovery requests and compiling responsive

- 8 -

documentation. She also was deposed for the better part of a day and participated in all phases of the litigation, including mediation and settlement. Ms. Hopkins served the class well and is entitled to a $10,000 incentive award to recognize her for her time and effort spent on behalf of the class and holding Modernize to account.

## CONCLUSION

For the reasons set forth above, the request of Class Counsel for attorneys' fees in the amount of $264,000 should be GRANTED. The request of Class Counsel for the reimbursement of litigation expenses in the amount of $42,085 should be GRANTED. Finally, Plaintiff's request that Ms. Hopkins be awarded a $10,000 incentive award should be GRANTED.


Plaintiff,
By Counsel,

*/s/ Matthew P. McCue*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com

Brian K. Murphy
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: (614) 488-0400
Facsimile: (614) 488-0401

- 9 -

murphy@mmmb.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 21, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to all attorneys of record.

                                */s/ Matthew P. McCue*
                                Matthew P. McCue