UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMANDA HOPKINS on behalf of herself and others similarly situated,
    Plaintiff,
v.

MODERNIZE, INC.
    Defendant.

Case No. 17-cv-40087-TSH

## FINAL APPROVAL ORDER AND JUDGMENT

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. The Court preliminarily approved the Settlement Agreement on February 19, 2019, and notice was given to members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

### I.    Jurisdiction

1.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.[1]

### II.    Class Definition

2.    Under Federal Rule of Civil Procedure 23(c), the Court certifies the following "Settlement Class", consisting of all persons within the United States who received a telephone

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

call from or on behalf of Modernize on one of the phone numbers contained on the Class List.  **The Court notes that the Class List has been filed with this Court under seal.  See DE106.**

### III. Class Representative and Class Counsel

3. Under Federal Rule of Civil Procedure 23, Amanda Hopkins is hereby appointed as Class Representative.

4. The following are hereby appointed as Class Counsel:

>Edward Broderick
>BRODERICK LAW, P.C.
>99 High St., Suite 304
>Boston, Massachusetts 02110
>
>Matthew P. McCue
>THE LAW OFFICE OF MATTHEW P. MCCUE
>1 South Avenue, Suite 3
>Natick, Massachusetts 01760
>
>Brian K. Murphy
>Jonathan P. Misny
>MURRAY MURPHY MOUL + BASIL LLP
>1114 Dublin Rd.
>Columbus, Ohio 43215
>
>Alex M. Washkowitz
>Jeremy Cohen
>CW Law Group, P.C.
>188 Oaks Road
>Framingham, MA 01701
>alex@cwlawgrouppc.com

### IV. Rule 23 Requirements

5. Pursuant to Rule 23(a) Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6.     Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

### V.     Notice and Opt-outs.

7.     The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Class members who could be identified through reasonable effort.

8.     The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9.     All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. The list of persons submitting notices seeking exclusion from the Settlement Class, as attached to the Declaration of Eric Schacter (DE 101-1, Exhibit D) is hereby accepted as the list of persons who have made timely and valid requests for exclusion.

10.    The parties have brought to the attention of the Court certain correspondence from Nick Fisher, a class member. After the time had passed for class members to exclude themselves from the class, Mr. Fisher contacted Class Counsel informally and stated that he did not receive notice of the settlement and wanted to be excluded.  Class Counsel recommended that Mr. Fisher's request be allowed.  Modernize opposed this request, and noted that Mr. Fisher did not submit a request to be excluded from the request under the provision set forth in paragraph 14 of this Court's preliminary approval order.  The Court will allow Mr. Fisher to exclude himself from the Class,

and he will be added to the list discussed in paragraph 9, contingent on submitting a proper exclusion request to the Class Administrator by October 11, 2019. Class Counsel shall provide notice to Mr. Fisher (or his counsel) of this decision.

### VI. Final Approval of the Settlement.

11. Pursuant to the Settlement Agreement, the Defendant paid $800,000 to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, and the costs of notice and administration are deducted. In addition to payments from the Settlement Fund, Defendant has also agreed it has taken steps to strengthen its telemarketing compliance measures.

12. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant. The Court has also read and considered the one written objection filed with the Court by an individual who also opted-out of the class. The Court held a hearing on October 9, 2019, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, and as detailed in the ***Declaration of Eric Schacter (DE 101-1),*** the Court finds that notice under the Class Action Fairness Act was effectuated on January 18, 2019, and that ninety (90) days has passed without comment or objection from any governmental entity.

13. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is

supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

14. The Settlement Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

15. In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service be means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9s from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number of tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties.

16. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

17. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

18. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, as representatives, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims described in paragraph 5 of the Settlement Agreement, and the Releasing Parties are

forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to those Released Claims.

19. The Court further orders that upon the Effective Date, the above-described releases, the releases in the Settlement Agreement, and the other provisions of the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

20. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

21. Neither this Final Approval Order and Judgment as to the Defendant, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or

determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

The Clerk is hereby directed to enter this Final Approval Order and Judgment.

DATED: <u>October 9, 2019</u>                              <u>/s/ Timothy S. Hillman</u>
                                                          United States District Judge